Filed 2/28/13  Wilkins v. Ahern CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KEENAN WILKINS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SHERIFF GREG AHERN et al.,<br><br>        Defendants and Respondents. | A135762<br><br>(Alameda County Super. Ct.<br>  No. RG09481845) |

Plaintiff Keenan Wilkins, acting in propria persona in this court as he did below, appeals from the trial court's entry of judgment after granting the motion for summary judgment brought by defendant, Alameda County Sheriff Gregory Ahern, regarding plaintiff's civil action.  Plaintiff brought three causes of action against defendant for injunctive relief and damages, based on his allegations that defendant had caused, and was causing, violations of certain of plaintiff's constitutional rights and injuries to plaintiff in the course of transporting him from jail to court and confining him in court holding facilities.  He argues the trial court should not have granted defendant's motion for several reasons.  We affirm the judgment.

## BACKGROUND

### *Plaintiff's Complaint*

Plaintiff sued defendant and unidentified Doe defendants for refusing to provide him, as a pretrial detainee, with a seatbelt when transporting him to court and provision to wash his hands with soap when confining him in court holding facilities.  Plaintiff did not

1

identify any Doe defendants and the appeal is from judgment in favor of defendant. Therefore, we focus on his allegations regarding defendant.[1]

Plaintiff alleged defendant was the "chief policy and decision maker over Sheriff Deputies, Santa Rita Jail Rules Regulations and Procedures with regard to Pre-trial Detainees and Inmates." According to plaintiff, the failure to provide him with a seatbelt caused an excessive risk to his safety and exposed him to dangerous conditions, such as when he could not avoid falling off his metal seat during powerful turns and sudden stops. This failure violated his constitutional right to equal protection because deputies used seatbelts and constituted cruel and unusual punishment; caused his several serious medical conditions, including disk disease, to feel aggravated; and caused him to suffer extreme mental anguish and emotional distress, particularly because, as a diagnosed paranoid schizophrenic, he feared riding without a seatbelt.

Plaintiff claimed these same constitutional violations and additional injuries, both physical and emotional, occurred when he was confined for long hours in overcrowded court holding facilities with other pretrial detainees and prisoners, all of whom had use of a single toilet and sink without any provision to wash their hands with soap after urinating, defecating, sneezing, coughing or the like. These circumstances exposed him to germs, disease, sickness, and possibly death, particularly because he was required to eat lunch with unclean hands. He became ill with flu-like symptoms in July 2009. Nonetheless, he alleged, since October 2008 jail officials had refused to allow him to bring his own soap to court holding facilities.

Plaintiff further alleged that he had written numerous grievances, as well as letters to defendant, all of which had been ignored. He alleged that he had no adequate remedy at law to stop these hate crimes against him, and that the unlawful actions alleged caused irreparable injury to him.

---

[1] Plaintiff also alleged mistreatment of other pretrial detainees and inmates and made some effort to pursue the case as a class action. However, the record does not indicate his effort was effective. Therefore, we also focus on his allegations regarding his own circumstances.

2

Plaintiff brought three causes of action, they being for interference with his constitutional rights with threats, intimidation and coercion; emotional distress; and personal injury. He sought injunctive relief, statutory civil penalties of $25,000 pursuant to Civil Code section 52, and compensatory and punitive damages.

### Removal and Remand

Subsequently, plaintiff's action was removed to federal court. Plaintiff sought remand to state court; in doing so, he clarified that his complaint did not raise federal constitutional claims, but instead alleged pursuant to Civil Code section 52.1, commonly referred to as the Bane Act (*Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 845), that defendant had interfered with his state constitutional rights of equal protection and against cruel and unusual punishment with threats, intimidation, and coercion. The action was subsequently remanded to state court as a result of plaintiff's clarification.

### Defendant's Motion for Summary Judgment

Defendant moved for summary judgment or, in the alternative, summary adjudication. He argued that he was entitled to summary judgment based on six issues, supporting his arguments with factual contentions presented in a statement of undisputed material facts. His factual contentions principally relied on a declaration by a deputy sheriff familiar with the policies and procedures applicable to inmates in Alameda County detention facilities. Focusing mostly on plaintiff's Bane Act claims of interference by threats, intimidation, or coercion with plaintiff's constitutional rights, defendant contended that undisputed facts showed that the failure to provide seatbelts in prisoner transport vehicles did not (1) violate plaintiff's right to equal protection or (2) constitute cruel and unusual punishment; the failure to allow soap in court holding facilities did not (3) violate plaintiff's right to equal protection or (4) constitute cruel and unusual punishment; and, pursuant to Government Code section 820.2, defendant was immune from liability for (5) failing to provide seatbelts and (6) prohibiting inmate access to soap in court holding facilities.

Regarding plaintiff's transport to court in vehicles that lacked seatbelts, defendant contended that there was no Alameda County or Sheriff's Department ordinance, rule, or

3

other policy that required the Sheriff's Department to outfit any prisoner transport vehicle with seatbelts. Regarding provision to wash hands with soap in holding facilities, defendant contended that inmates transported to court were allowed to bring four items only for security reasons, including sanitizing wipes, which were available for purchase by plaintiff in the jail commissary. Soap was "not provided or allowed in the holding cells at the court because it can be used as a weapon." For example, it could be "stuffed in a sock and used as a makeshift sap or sling."

Plaintiff opposed the motion by submitting his own declaration, exhibits, statement of undisputed material facts, and brief.[2] He did not dispute any of defendant's undisputed material facts. Plaintiff's own contentions were consistent with his complaint allegations. He contended that he suffered from "serious medical conditions," they being "syringemelia" (the meaning of which he did not explain) and disk disease, and that, if he refused to be transported in vehicles without seatbelts, he would "be physically forced and perhaps disciplined with a write up." He stated that, starting in November 2009, inmates were allowed to purchase hand wipes and bring them to the holding facilities, but also contended that two hand wipes were not enough when held 8 to 12 hours a day and that there was no provision for indigent inmates; he did not, however, state that he was indigent or unable to obtain wipes. He stated that he could not refuse to be placed in holding cells without enough provisions to wash hands. Plaintiff further argued that his mistreatment constituted violations of Penal Code sections 673 and 147.

Plaintiff also argued that defendant was not entitled to immunity pursuant to Government Code section 820.2 because defendant's actions were ministerial, rather than discretionary.

---

[2] Plaintiff took other actions as well, including obtaining an order from this court to jail officials requiring them to provide him with access to his legal documents, which plaintiff contended had been confiscated from him. Plaintiff also moved for a continuance of the summary judgment hearing because of this confiscation and defendant's lack of discovery responses. The record does not indicate how his motion was resolved, but the hearing occurred on January 20, 2012, rather than its originally scheduled date of September 7, 2011.

Defendant filed a reply memorandum. He did not dispute plaintiff's factual contentions, although he emphasized their limitations and appears to have filed evidentiary objections that are not contained in the record, given the trial court's subsequent ruling on defendant's objections in its summary judgment order. Defendant argued for the most part that plaintiff's contentions of injury were not substantial enough to rise to the level of constitutional violations, emphasized that the documentary evidence submitted by defendant indicated he was provided with pain medication when he complained of pain and allowed to bring hand wipes into holding facilities, noted that defendant did not establish a causal link between the harm he claimed to have suffered and defendant's conduct, and repeated his claim of immunity for discretionary decisions.

### *The Trial Court's Grant of Summary Judgment*

The trial court granted defendant's motion for summary judgment on multiple grounds. The court, along with its determination that plaintiff's contentions did not establish equal protection violations or constitute cruel and unusual punishment, ruled that plaintiff did not meet an essential element of the Bane Act. That is, the court determined that plaintiff had not established that defendant engaged in the specified improper means, i.e., threats, intimidation, or coercion, in purportedly depriving him of certain constitutional rights, which means were required to be independent of the deprivation of the rights themselves. The trial court based this view on the analysis contained in a recently published case by the Second Appellate District, *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947.

The trial court also ruled that defendant was immune from liability regarding all of plaintiff's claims pursuant to Government Code section 820.2. The court sustained certain evidentiary objections by defendant, the substance of which cannot be determined from the record. Finally, the court ruled that plaintiff could not prevail in his arguments that his mistreatment constituted violations of Penal Code sections 673 and 147 because plaintiff did not state these allegations in his pleadings.

After the trial court entered judgment, plaintiff filed a timely notice of appeal.

## DISCUSSION

We note at the outset that, "[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations].  Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, followed in *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)  We consider defendant's appellate claims with these rules in mind.

### I. *Standard of Review*

Plaintiff appeals from a grant of summary judgment below.  A trial court properly grants summary judgment if the record establishes no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  A party moving for summary judgment "bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)  "A defendant bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto." (*Ibid.*)  The moving party "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. . . .  A prima facie showing is one that is sufficient to support the position of the party in question." (*Id*. at pp. 850–851.)  Although the burden of production shifts, the moving party always bears the burden of persuasion.  (*Id.* at p. 850.)

The standard of review for an order granting or denying summary judgment is de novo.  (*Aguilar*, *supra*, 25 Cal.4th at p. 860.)  In determining whether the parties have met their respective burdens, we consider "all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.*

6

(2001) 26 Cal.4th 465, 476.)  We view the evidence in the light most favorable to plaintiff as the party opposing summary judgment, strictly scrutinizing defendants' evidence in order to resolve any evidentiary doubts or ambiguities in plaintiff's favor. (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64.)

## II. *The Trial Court's Ruling Regarding Plaintiff's Bane Act Claim*

Plaintiff's allegations that defendant violated certain of his state constitutional rights are not made in a cause of action based on the California Constitution, but in one alleging a Bane Act violation.  His appeal regarding these allegations is unpersuasive because of his failure to address the trial court's determination that, pursuant to *Shoyoye*, *supra*, 203 Cal.App.4th 947, he did not establish all of the elements necessary to maintain such a cause of action.

Civil Code section 52.1, subdivision (b) states in relevant part that "any individual whose exercise or enjoyment of rights . . . secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with" by "threats, intimidation, or coercion" (Civ. Code, § 52.1, sub. (a)) "may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured." (Civ. Code, § 52.1, subd. (b).)

Plaintiff argues that triable issues of material fact exist regarding why defendant's failure to provide him with a seat belt during transport and provision to sufficiently wash his hands in holding facilities have violated his equal protection rights and constitute cruel and unusual punishment.  Defendant opposes all of plaintiff's arguments.  We need not address this debate, however, because plaintiff leaves unchallenged the trial court's determination, based on *Shoyoye*, *supra*, 203 Cal.App.4th 947, that he did not present evidence that defendant engaged in threats, intimidation, or coercion that are required in order to maintain a Bane Act claim.

The *Shoyoye* court, in evaluating a Bane Act claim that a prisoner's overdetention in county jail had violated his constitutional rights, considered as a matter of first

7

impression whether or not such a claim regarding forced detention required threats, intimidation, or coercion in addition to that which was inherent in the forced detention itself. The court, based on a review of the statutory framework of Civil Code section 52.1, its legislative history, and case law from other jurisdictions regarding similar law, determined that there was no coercion " ' "simply from the use of force by prison officials, authorized to use force, in order to compel a prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action." ' " (*Shoyoye*, *supra*, 203 Cal.App.4th at pp. 958-960.) In other words, conduct, even unlawful conduct, does not constitute threats, intimidation, or coercion " 'when all it does is take someone's rights away directly.' " (*Id*. at p. 960.) Civil Code section 52.1 " 'requires a showing of coercion independent from the coercion inherent" in the constitutional violation itself. (*Shoyoye*, at p. 8.)

In our independent research, we have not found disagreement with *Shoyoye*, which admittedly is a very recent case. Prior to its publication, another court in the Second Appellate District arguably applied a different analysis. In *Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033 (*Gillan*) (cited by plaintiff in his opening brief for a different proposition), the court considered an appeal by former police officials, who argued the trial court erred in denying their motion for judgment notwithstanding the verdict after they had been found liable under Civil Code section 52.1 for depriving plaintiff his rights when they arrested him without probable cause. (*Gillan*, at p. 1037.) The trial court had instructed the jury that a Bane Act violation could be found if police had no probable cause for the arrest. (*Gillan*, at p. 1044.) On appeal, the defendants argued the evidence indicated they had probable cause, and the *Gillan* court disagreed upon applying a substantial evidence standard of review. (*Id*. at pp. 1043-1047.) In doing so, the court implicitly accepted, without comment, the proposition that a Bane Act violation could be found if police lacked probable cause for the arrest. (*Gillan*, at pp. 1043-1047.) In other words, the court did not review the record for threats, intimidation, or coercion beyond the contested arrest itself. One federal district court recently characterized the difference between *Shoyoye* and *Gillan* as a "conflict in the law."

8

(*Quinn v. Fresno County Sheriff* (E.D. Cal., Dec. 14, 2012, No. 1:10-cv-01607 LJO BAM) 2012 U.S. Dist. LEXIS 177606, *14.)[3] However, that court found *Shoyoye* to be "persuasive." (*Quinn*, at *14.)

The *Gillan* court did not engage in any considered analysis regarding what kind of acts are required for a Bane Act violation because it conducted a substantial evidence standard of review only. Therefore, it does not provide a basis for reversing the trial court's decision in the present case, particularly in light of the *Shoyoye* court's considered analysis.

In any event, plaintiff gives us no reason at all to disagree with the *Shoyoye* court. He does not discuss the trial court's reliance on this case as an independent ground for its ruling regarding his Bane Act claim and, furthermore, does not contend a triable issue of material fact exists regarding whether defendant engaged in independent threats, intimidation, or coercion towards him. This is fatal to his claim. Although we conduct a de novo review, "[w]e must presume the judgment is correct . . . ." (*Jones v. Department of Corrections & Rehabilitation* (2007) 152 Cal.App.4th 1367, 1376.) Thus, "[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court. [Citation.] . . . '[D]e novo review does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.' " (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224,

---

[3] Federal courts interpreting Civil Code section 52.1 prior to *Shoyoye* split regarding whether a Fourth Amendment excessive force or false arrest violation alone qualifies for the element of interference with a legal right under the statute, as discussed in *Haynes v. City and County of San Francisco* (July 28, 2010, No. C 09-0174 PJH) 2010 U.S. Dist. LEXIS 76829, at *15-*16. Most recently, however, a federal district court, after noting this split, determined it was bound by *Shoyoye* in the absence of convincing evidence that the California Supreme Court would hold otherwise. (*Luong v. City and County of San Francisco* (Nov. 19, 2012, No. C11-5661 MEJ) 2012 U.S. Dist. LEXIS 165190, at *25-*27.)

230.) Given plaintiff's silence regarding the court's ruling based on *Shoyoye*, we affirm the trial court's ruling regarding his Bane Act claim.[4]

### III. *Plaintiff's Personal Injury and Emotional Distress Claims*

Plaintiff makes two categories of arguments why the trial court should not have granted summary judgment regarding his second and third causes of action, for personal injury and emotional distress. None of his arguments are persuasive.

### A. *The Court's Order and Judgment Applied to All of Plaintiff's Claims*

Plaintiff argues that defendant, in moving for summary judgment, did not address plaintiff's personal injury and emotional distress claims, and neither did the trial court in granting summary judgment. Plaintiff contends it would be "premature" to address these causes of action in his appeal. Apparently, he is of the view that the court's order and judgment do not apply to these two causes of actions. We disagree.

Plaintiff ignores that defendant moved for summary *judgment* regarding "all claims" by plaintiff based on the immunity provided by Government Code section 820.2, thereby indicating its immunity argument extended to all causes of action, whether or not expressly mentioned in its papers. Similarly, the trial court granted defendant's motion for summary *judgment* based on the immunity provided by Government Code section 820.2, and subsequently entered judgment regarding the entire complaint. Plaintiff does not argue that there were any defects in these actions. Therefore, we conclude his apparent argument that the court's ruling and judgment does not extend to his personal injury and emotional distress claims lacks merit.

---

[4] Plaintiff also argues defendant's conduct violated Penal Code sections 673 and 147, laws which plaintiff does *not* reference in his complaint, apparently as additional bases for reversing the judgment. However, as the trial court correctly determined, " ' "[a] motion for summary judgment must be directed to the issues raised by the pleadings" ' " and the responding papers " ' "may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings." ' " (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342.) Therefore, we reject these additional arguments by plaintiff.

10

**B.** *Defendant's Immunity*

Plaintiff also argues in the most conclusory fashion that the trial court erred in granting summary judgment to defendant based on Government Code section 820.2, which gives discretionary act immunity to public employees under certain circumstances. He does not establish a reason for reversal of this portion of the trial court's ruling.

Government Code section 820.2 states: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Gov. Code, § 820.2.)

"In determining whether discretionary act immunity applies with regard to the acts of a public employee, courts must consider whether the acts or omissions of the particular employee resulted from the exercise of discretion within the meaning of [Government Code] section 820.2." (*Barner v. Leeds* (2000) 24 Cal.4th 676, 684.) "Under that statute, '[i]mmunity is reserved for those "*basic policy decisions* [which have] . . . been [expressly] committed to coordinate branches of government," and as to which judicial interference would thus be "unseemly." . . . On the other hand, there is no basis for immunizing lower level decisions that merely implement a basic policy already formulated. [Citation.] The scope of the discretionary act immunity 'should be no greater than is required to give legislative and executive policymakers sufficient breathing space in which to perform their vital policymaking functions.' " (*Id*. at p. 685.)

Courts should distinguish between operational and policy decisions. (*Barner v. Leeds*, *supra*, 24 Cal.4th at p. 685.) "Ministerial acts 'that merely implement a basic policy already formulated' are not entitled to immunity. [Citation.] Immunity only applies 'to *deliberate and considered* policy decisions' involving a conscious balancing of risks and advantages. [Citation.] It is irrelevant that an employee normally engages in discretionary activity ' "if, in a given case, the employee did not render a considered decision." ' " (*Jamgotchian v. Slender* (2009) 170 Cal.App.4th 1384, 1397.)

Plaintiff presents two issues regarding why the discretionary act immunity provided in Government Code section 820.2 is not available to defendant. First, with

11

respect to the "Does" he refers to in his complaint, he states the he "repeatedly sought discovery from defense to properly name and amend these defendants," to which the defense did not comply, and notes that the trial court's summary judgment order did not address this issue. Second, plaintiff cites certain cases (see *Jamgotchian v. Slender*, *supra*, 170 Cal.App.4th 1384 and *Gillan v. City of San Marino*, *supra*, 147 Cal.App.4th at p. 1051), perhaps to indicate he thinks the acts he complains of somehow involved ministerial or operational acts, rather than basic policy decisions. However, defendant does not otherwise explain why either of these issues are a basis for reversing judgment.

It is not our role to guess what plaintiff's arguments might be. "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument" (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873), including when "the relevance of the cited authority is not discussed or points are argued in conclusory form." (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.) Based on these longstanding principles of appellate review, we do not further consider plaintiff's arguments that the court improperly determined defendant was immune from liability regarding plaintiff's personal injury and emotional distress causes of action, and affirm this part of the court's ruling as well.

In light of our conclusions, we do not address defendant's argument that plaintiff's failure to respond to defendant's separate statement of undisputed facts is a further ground for affirming the judgment.

12

**DISPOSITION**

The judgment is affirmed.  Defendant is awarded costs of appeal.

_____
Lambden, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.

13